UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pandora Distribution, LLC.,            Case No. 3:12-cv-02858

        Plaintiff

    v.

                                       MEMORANDUM OPINION & ORDER

Ottawa OH, L.L.C., et al.,

        Defendants

       Defendant/Cross Claim Defendant Philips Electronics North America Corp. has filed a motion to dismiss claims asserted against it by Pandora Distribution, LLC and Ottawa OH, LLC. (Doc. No. 86). The briefing on the motion is complete. For the reasons stated below, Philips' motion is denied.

       The various claims, cross claims, counterclaims, and third party claims in this lawsuit seek to establish liability for the removal of, and remediation of damage caused by, two conveyor bridges which connect two commercial warehouses in Ottawa, Ohio. Philips' predecessor previously owned both warehouses and constructed the conveyor bridges after reaching an agreement with the Grand Trunk Western Railroad Company, which used and maintained the railroad tracks that pass between the two warehouses. Philips' predecessor sold the warehouses to Defendant/Cross Claim Defendant DBI Partners, LLC, which subsequently sold one warehouse to Pandora and one to Ottawa. There currently exists a dispute regarding whether, when, and to whom ownership of the conveyor bridges passed.

For its part, Philips asserts I do not have subject-matter jurisdiction over the claims asserted against it because neither Pandora nor Ottawa has standing to sue Philips.  Philips argues neither party is in privity of contract with Philips, and therefore they lack standing to enforce any obligations Philips may have under the agreement between Philips and Grand Trunk which preceded construction of the bridges.  (Doc. No. 86 at 8-9).  Further, Philips argues Ottawa may not bring tort claims against Philips because Philips owes no duty to Ottawa.  (Doc. No. 106 at 5).

Under Article III, § 2 of the Constitution, a federal court may only hear actual cases or controversies.  *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976).  The element of standing is an important part of this limitation.  *Id.*  There are three elements of constitutional standing: (1) an injury in fact; (2) a causal connection between the injury and the challenged conduct; and (3) it is likely the injury will be "redressed by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  If these elements are not met, a plaintiff may not invoke the jurisdiction of the federal courts.  *Id.* at 560.

While Rule 12(b)(1) ordinarily requires a party to raise a motion to dismiss for lack of subject-matter jurisdiction prior to filing a responsive pleading, a federal court remains under a continual obligation to ascertain whether it has jurisdiction to hear the cases before it.  Fed. R. Civ. P. 12(h)(3).  Subject-matter jurisdiction attacks generally take two forms – facial attacks and factual attacks.  *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  Facial attacks question the sufficiency of the pleadings and probe whether the pleadings allege claims that a federal court may hear.  *Id.*  When under a facial attack, well-pleaded factual allegations are presumed to be true.  *Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990).

On the other hand, factual attacks do not accord a presumption of truth to the allegations in a complaint and require a court to "weigh the conflicting evidence to arrive at the factual predicate that subject[-]matter jurisdiction does or does not exist."  *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325.  While a court's analysis of a factual attack on subject-matter jurisdiction may involve "a summary-

judgment-like procedure," the factual inquiry is strictly limited to jurisdictional facts. *Gentek Bldg. Prod.*, 491 F.3d at 330. "If . . . an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should '*find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" *Id.* (emphasis in original) (citations omitted).

Philips' arguments implicate the merits of Pandora's and Ottawa's causes of action. To the extent Philips contests contractual claims asserted by these two parties, Philips argues Pandora and Ottawa are not parties to a contract with Philips and therefore may not sue Philips to enforce the contract. This contention disputes whether there is a valid contract between the parties, an essential element of a breach of contract claim. *See, e.g., MMK Group, LLC v. SheShells Co., LLC*, 591 F. Supp. 2d 944, 963 (N.D. Ohio 2008) ("Under Ohio law, the elements for breach of contract are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff."). Similarly, Philips' claim that it owes no duty to Ottawa challenges an element of Ottawa's tort claims. *See, e.g., Wallace v. Ohio Dep't of Commerce*, 773 N.E.2d 1018, 1025-26 (Ohio 2002) ("It is well settled that the elements of an ordinary negligence suit between private parties are (1) *the existence of a legal duty*, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach.") (emphasis added).

While ordinarily a court may proceed to determine the merits of a party's claim, the parties did not brief these issues in light of the Rule 12(c) standard. Moreover, the parties have presented matters outside of the pleadings in support of their arguments. Under Rule 12(d), I would be required to treat the motion as one for summary judgment under Rule 56 and also provide "[a]ll parties . . . [with] a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). As the parties still are engaged in discovery, I conclude it would be premature to convert Philips' motion into one for summary judgment. Therefore, to the extent Philips' motion seeks a determination of the merits of the claims Pandora and Ottawa present, the motion is denied

without prejudice, with leave to refile on or before the dispositive motion deadline. (*See* Doc. No. 63).

For the reasons stated above, I conclude I have subject-matter jurisdiction to hear the claims Pandora and Ottawa assert against Philips. Philips' motion to dismiss for lack of subject matter jurisdiction, (Doc. No. 86), is denied.

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge