UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pandora Distribution, LLC.,                      Case No. 3:12-cv-02858

        Plaintiff

   v.

                                   MEMORANDUM OPINION & ORDER

Ottawa OH, L.L.C., et al.,

        Defendants

## I. INTRODUCTION

Plaintiff Pandora Distribution, LLC, seeks leave to amend its complaint in response to a motion to dismiss filed by Defendant Philips Electronics North America Corp. (Doc. No. 97). Philips opposes. (Doc. No. 106). Pandora filed a brief in reply. (Doc. No. 110). After receiving leave, Philips filed a sur-reply. (Doc. No. 114). For the reasons stated below, Pandora's motion is granted.

## II. STANDARD

Rule 15(a) provides a party may amend its pleadings once as a matter of course within 21 days of serving it or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Rule 16(b), a district court must issue a scheduling order limiting, *inter alia*, the time to amend the pleadings. Fed. R. Civ. Pro. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909. The movant's "diligence in attempting to meet the case management order's requirements" is the "primary measure of Rule 16's 'good cause' standard . . . ." *Inge*, 281 F.3d at 625.

### III. BACKGROUND

The parties in this case seek to assign liability for the removal of, and remediation of damage caused by, two conveyor belts that connect two warehouses in Ottawa, Ohio. Following a telephone conference with counsel for the parties, I issued a case management order setting a deadline of June 2, 2014, for the filing of amended pleadings without leave of court. (Doc. No. 63).

Philips has filed a motion to dismiss for lack of subject-matter jurisdiction based on a number of arguments, including that Pandora does not have standing to sue Philips based on an agreement (the "License Agreement") between Philips and a predecessor of Defendant Genesse & Wyoming, Inc. (Doc. No. 86); (Doc. No. 110-1 at 3-4). On November 7, 2014, Pandora filed a

motion for leave to amend its complaint, after it reached an agreement with Genesse & Wyoming to assign Genessee & Wyoming's interest in the License Agreement to Pandora.

## IV. ANALYSIS

The primary consideration in evaluating "good cause" under Rule 16(b) for a party's delay in seeking to amend its pleading is whether the party was diligent in attempting to comply with the deadline the court imposed. *Inge*, 281 F.3d at 625. Pandora asserts it spent several months negotiating for the assignment of the License Agreement but was unable to finalize the agreement until approximately a month after Philips filed its motion to dismiss. Pandora sought leave to amend its complaint on the same day it finalized the assignment agreement. (Doc. No. 97 at 3-4). Thus, I conclude Pandora has shown it was diligent in attempting to comply with the case management order.

Rule 15 requires leave to amend be freely given in the absence of any apparent or declared reason not to grant the request, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman*, 371 U.S. at 182. Philips argues amendment would be futile because a license cannot be assigned under Ohio law. (Doc. No. 106 at 7). Additionally, Philips argues that even if the License Agreement creates an easement rather than a license (as Pandora argues), amendment would be futile because an easement is conveyed with the transfer of the dominant tenement. (Doc. No. 114 at 4-5).

As Pandora notes, however, the License Agreement does more than create a license or an easement permitting the construction of the two conveyor bridges. It also includes an indemnification provision and revocation rights. (Doc. No. 110-1 at 3). Pandora proposes to amend its complaint to assert these rights. (Doc. No. 110 at 7-8). Philips has not carried its burden

3

to show Pandora cannot state a plausible claim for relief. *See Springs v. U.S. Dep't of Treasury*, 567 F. App'x 438, 443-45 (6th Cir. 2014).

### V.  CONCLUSION

For the reasons stated above, Pandora's motion for leave to amend, (Doc. No. 97), is granted. Pandora shall file its amended complaint no later than March 20, 2015.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge