UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pandora Distribution, LLC.,                                 Case No. 3:12-cv-02858

        Plaintiff

   v.                                                                              MEMORANDUM OPINION & ORDER

Ottawa OH, L.L.C., et al.,

        Defendants

      Third Party Defendant First American Title Insurance Co. has filed a motion to bifurcate Ottawa OH, LLC's bad faith claim pursuant to Rule 42(b). (Doc. No. 83). First American argues bifurcating and staying discovery related to that claim is necessary "to avoid prejudice to First American and to expedite and economize this action." (Doc. No. 83 at 5). Ottawa opposes First American's motion, arguing bifurcation "would prejudice Ottawa and the Court by creating inefficient, costly, [and] duplicative discovery and litigation." (Doc. No. 94 at 3). For the reasons stated below, First American's motion is denied.

      Rule 42(b) permits a court to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for the purpose of "convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b). The court may exercise its discretion to bifurcate an issue where at least one of these factors is established. *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

      As an initial matter, I conclude First American has not established it would be appropriate to stay discovery related to Ottawa's bad faith claim. First American contends this area of discovery

"may impact negatively First American's ability to defend against the other claims asserted by Ottawa," but fails to offer any specifics.  (Doc. No. 98 at 6).  Any concerns First American may have about the disclosure of potentially privileged information or documents may be addressed through a properly constructed protective order.  Further, continuing discovery related to this single issue likely will be more convenient and economical, as the parties will be more fully informed for settlement discussions and a second trial, if appropriate, could commence immediately following the first.

First American's remaining arguments for bifurcation focus on potential prejudice with respect to jury consideration of evidence related to bad faith.  While the issue of bifurcation ordinarily should be addressed early on in litigation, *see* 8 Moore's Federal Practice § 42.23[3] (Matthew Bender 3d ed.), the timing of First American's motion reduces the clarity with which its prejudice arguments may be analyzed.  Given the number and variety of claims presented in this case by various parties, there ultimately may be a need for multiple trials.  Without a clearer picture of what claims will proceed to trial, I am not persuaded First American will be prejudiced by a single trial in this case.

Therefore I conclude First American has not proven it would be prejudiced by a single trial, but deny its motion without prejudice and with leave to refile following adjudication of any dispositive motions filed in the case.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge