UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pandora Distribution, LLC.,                        Case No. 3:12-cv-02858

         Plaintiff

   v.

                                     MEMORANDUM OPINION & ORDER

Ottawa OH, L.L.C., et al.,

         Defendants

## I. INTRODUCTION

Third-Party Defendant First American Title Insurance Co. seeks leave to amend its answer to Ottawa OH, LLC's amended third-party complaint. (Doc. No. 111). Ottawa opposes. (Doc. No. 116). First American has filed a brief in reply. (Doc. No. 118). For the reasons stated below, First American's motion is granted.

## II. STANDARD

Rule 15(a) provides a party may amend its pleadings once as a matter of course within 21 days of serving it or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Rule 16(b), a district court must issue a scheduling order limiting, *inter alia*, the time to amend the pleadings. Fed. R. Civ. Pro. 16(b)(3). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909. The movant's "diligence in attempting to meet the case management order's requirements" is the "primary measure of Rule 16's 'good cause' standard . . . ." *Inge*, 281 F.3d at 625.

### III.    BACKGROUND

The parties in this case seek to assign liability for the removal of, and remediation of damage caused by, two conveyor belts that connect two warehouses in Ottawa, Ohio. Following a telephone conference with counsel for the parties, I issued a case management order setting a deadline of June 2, 2014, for the filing of amended pleadings without leave of court. (Doc. No. 63). On June 2, 2014, Ottawa filed an amended third-party complaint, asserting various claims against First American. (Doc. No. 67). First American then filed its answer to the third-party complaint, as well as a counterclaim against Ottawa, on June 16, 2014. (Doc. No. 72). First American's answer asserted a number of affirmative defenses, including the doctrine of laches. (Doc. No. 72 at 13).

2

In mid-December 2014, First American deposed Stephen Lewis, Ottawa's company representative for this litigation.  First American asserts that, as a result of Lewis's deposition, it "has become aware [of] facts that support the addition of the statute of limitations as an affirmative defense to Ottawa's claims."  (Doc. No. 111 at 2).  First American now seeks leave to amend its answer to raise this affirmative defense.

## IV.    ANALYSIS

The primary consideration in evaluating "good cause" under Rule 16(b) for a party's delay in seeking to amend its pleading is whether the party was diligent in attempting to comply with the deadline the court imposed.  *Inge*, 281 F.3d at 625.  First American asserts its delay in seeking leave to amend its answer after the scheduling deadline is excusable because it has sought "leave promptly after developing sufficient factual support to proceed properly with a statute of limitations defense." (Doc. No. 111 at 3).  The remainder of the arguments First American raises in its initial and reply briefs address the appropriateness of granting leave under Rule 15(a)(2) – an analysis that is proper only after Rule 16(b)'s good cause standard is satisfied.  *Leary*, 349 F.3d at 909.

Ottawa argues First American has not shown good cause for failing to amend its answer before the case management deadline because Ottawa's original third-party complaint put First American on notice that Ottawa was relying upon factual allegations arising in 2006 and 2007.  (Doc. No. 116 at 2).  First American appears to concede as much, as they state "Lewis has confirmed that the alleged operative, material facts giving rise to his claims occurred over six years before Ottawa filed its original third-party complaint" in July 2013.  (Doc. No. 111 at 3).

Moreover, First American does not assert Lewis testified to any facts which could be construed to alter the theories of recovery Ottawa presented in their original and amended third-party complaints, or which could not be inferred at the time First American filed its answer.  As I noted above, First American asserted the affirmative defense of laches, which usually applies "where no statute of limitations governs."  *Patton v. Bearden*, 8 F.3d 343, 348 (6th Cir. 1993) (citation and

3

quotation omitted). While laches may be applied to bar a claim prior to the expiration of a limitations period, there is "a strong presumption that laches will not apply when the analogous statute of limitations has not run, absent compelling reason." *Id.*

The parties did not identify any case in which a court was presented with a similar scenario as this one. Nor did my own research turn up an analogous case. While it is First American's burden to show its failure to comply with the case management deadline should be excused for good cause, the "spirit and inclination" of the Federal Civil Rules favor decisions on the merits and "reject[] an approach that pleading is a game of skill in which one misstep may be decisive." *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986); *see also id.* ("[D]ecisions on the merits are not to be avoided on the basis of 'mere technicalities.'") (quoting *Foman*, 371 U.S. at 181). While a substantial amount of time has passed on the calendar since this litigation began, the parties remain in the relatively early stages of the case. The parties still are conducting discovery and are several months away from the dispositive motion deadline. Therefore, I conclude the posture of the case and the spirit of the rules favor modification of the case management order under Rule 16(b).

Rule 15 requires that leave to amend be freely given in the absence of any apparent or declared reason not to grant the request, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman*, 371 U.S. at 182. Ottawa has not shown any of these reasons are present here.

### V.  CONCLUSION

For the reasons stated above, First American's motion for leave to amend, (Doc. No. 111), is granted.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge