UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pandora Distribution, LLC,                                    Case No. 3:12-cv-2858

        Plaintiff

   v.                                                                              ORDER

Ottawa OH, LLC, et al.,

        Defendants


       Third-Party Plaintiff Ottawa OH, LLC filed a motion to compel First American Title Insurance Co. to produce pre-denial email communications pursuant to Rule 37(a)(3)(B)(iv). (Doc. No. 171). First American requests a protective order pursuant to Rule 37(a)(5)(B), arguing the emails are privileged according to the attorney-client privilege and work product doctrine. (Doc. No. 174). Ottawa opposes First American's motion, arguing "First American has failed to satisfy its burden to establish that the documents it seeks to exclude from discovery are, in fact, privileged." (Doc. No. 177 at 8).

       I ordered Ottawa to file a motion to compel First American to produce pre-denial email communications between First American's claims counsel John Sprowl and his supervisor Richard Angelo, including a prima-facie showing of a bad-faith denial contemplated by Ohio Revised Code § 2317.02(A)(2). (Doc. No. 169). I found Ottawa made a prima facie showing of bad faith and ordered First American to produce the pre-denial emails for an *in-camera review* by March 4, 2016. (Doc. No. 187). For the reasons stated below, Ottawa's motion to compel is granted.

Federal Rule of Civil Procedure 37 permits a party to move the court to compel a nonresponsive part to comply with discovery if "a party fails to produce documents or fails to respond…—or fails to permit inspection—as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B)(iv). Rule 37(a)(4) provides, in pertinent part, that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as failure to disclose, answer, or respond." If the Court denies the moving party's motion to compel, it may grant a protective order pursuant to Rule 37(a)(5)(B). Fed.R.Civ.P. 37(a)(5)(B).

As an initial matter, I conclude First American has not met its burden that the attorney-client privilege or work product doctrine apply to the pre-denial emails. First American contends the attorney-client privilege and work product doctrine apply, because: (1) "Mr. Sprowl's deposition testimony supports the conclusion that Mr. Sprowl's communications with Angelo involved legal analysis of Ottawa's claim and an assessment of the implications of anticipated litigation arising therefrom" (Doc. No. 174 at 6-7); and (2) "the email communications between Sprowl and Angelo were made in anticipation of litigation—specifically, Sprowl and Angelo subjectively anticipated litigation arising from the Ottawa claim, and their subject anticipation was objectively reasonable." (Doc. No. 174 at 9).

Concerning the attorney-client privilege, First American bears the burden of showing the privileged documents were rendered for the purpose of providing legal advice. *In re OM Sec. Litig*, 226 F.R.D. 579, 587 (N.D. Ohio 2005); *see also Flagstar Bank v. Fed. Ins. Co.*, No. 05-cv-70950-DT, 2006 WL 6651780, at *4 (E.D. Mich. 2006). To prove the work product doctrine applies, First American must show the pre-denial emails were produced "because of" a subjective anticipation of litigation that was objectively reasonable. *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006). Further, "'application of the privilege will be rejected where the 'only basis' for the claim is

2

an affidavit containing 'conclusory statement[s].'" *Roxworthy*, 457 F.3d at 597 (*citing Guardsmark, Inc. v. Blue Cross & Blue Shield of Tennessee*, 206 F.R.D. 202, 210 (W.D. Tenn. 2002)).

Regarding the attorney-client privilege, First American states "[t]he difference between Sprowl not remembering if he performed legal research is material to whether First American has properly withheld the documents or whether Ottawa is entitled to them," but does not argue that Mr. Sprowl's legal research subjects the communications to the attorney-client privilege. (Doc. No. 174 at 6). First American argues the work product doctrine applies, because "[t]he record reveals that there was a concern about the extent to which First American could have conflicting duties to defend both Ottawa and Pandora in potential litigation because First American had issued separate title insurance policies to Pandora and Ottawa." (*Id.* at 9-10). First American does not present arguments as to whether: (1) even if Mr. Sprowl conducted legal research, such research subjects the communications to the attorney-client privilege; or (2) the parties' conflict-of-interest concern was objectively reasonable in this context.

Therefore I conclude First American has not met it burden that the attorney-client privilege or work product doctrine apply to the pre-denial email communications and grant Ottawa's motion to compel. First American must produce the pre-denial email communications within seven (7) days of the date of this order. Regarding discovery disputes not before the court, but raised in the parties' briefs, Counsel shall attend a follow-up telephonic status conference October 12, 2016 at 2:00 p.m. Counsel shall call the bridge line at 877-411-9748, access code 1231873.

So Ordered.

                                               s/ Jeffrey J. Helmick
                                               United States District Judge