UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pandora Distribution, LLC,                              Case No. 3:12-cv-2858

               Plaintiff

     v.

                                            MEMORANDUM OPINION AND ORDER

Ottawa OH, LLC, et al.,

               Defendants

     This matter comes before me on Pandora Distribution, LLC's motion for leave to amend

the complaint (Doc. No. 179), First American Title Insurance Company's opposition (Doc. No.

180), Philips Electronics North America Corporation's limited response (Doc. No. 182), Pandora's

reply (Doc. No. 185), and Ottawa OH, LLC's limited response (Doc. No. 186).  Also before me is

First American's motion for summary judgment.

## I. FED. R. CIV. P. 15

     Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days

of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive

pleading.  Fed. R. Civ. Pro. 15(a)(1).  "In all other cases, a party may amend its pleading only with

the opposing party's written consent or the court's leave.  The court should freely give leave when

justice so requires."  Fed. R. Civ. Pro. 15(a)(2).

     "In the absence of any apparent or declared reason – such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).  *See also Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (leave to amend should be granted freely as cases should be tried on their merits rather than technicalities of pleadings).

## II. DISCUSSION

This case involves two large material conveyors which run between two neighboring warehouses in Ottawa, Ohio.  Plaintiff Pandora owns one warehouse and Ottawa owns the other adjacent warehouse.  The two conveyors run between the respective warehouses over railroad tracks.

The parties believed both conveyors were built at the same time and were the subject of a 1986 "License General Form" in which the railroad granted the predecessor owner of the properties, Philips Electronics, permission to traverse its air rights.  In July 2015, Philips produced a document entitled "Easement," in a supplemental document production which revealed an error in that assumption.

The Easement clarified that one conveyor was built in 1970 making the other conveyor subsequently built in 1986 subject to the "License General Form."  The License General Form allowed the railroad to demand removal of the conveyors from Philips.  Pandora obtained an assignment from the railroad in November 2014, via a document entitled Settlement and Assignment Agreement.  It was assumed that the Settlement and Assignment Agreement related to the 1986 agreement and included both conveyors.

Pandora then discovered the conveyors were governed by different documents.  It reached out to the railroad to discuss amendment of the Settlement and Assignment Agreement to correct the underlying basis of their agreement.  To that end, in October 2015, Pandora and the railroad executed an Amended Settlement and Assignment Agreement.  The Amended Agreement allows for Pandora to utilize the tear down rights the railroad obtained in both the License General Form and Easement.

Pandora seeks a fourth amendment to the complaint to clarify the record that its cause of action against Philips is based upon the correct agreement, the Amended Settlement and Assignment Agreement.  Counsel for Pandora contacted counsel to this litigation in November 2015 to explain the issue and request consent to the amendment.

First American objects to this proposed fourth amended complaint because it comes outside the Court's deadline for amending the pleadings and question's Pandora's diligence in notifying the parties as to the basis for another amended complaint.  First American also argues it will suffer prejudice despite "dispositive motion briefing and expert discovery having been stayed and the trail has been held in abeyance, fact discovery is closed and First American's motion for summary judgment remains pending."  (Doc. No. 180, p. 3).  First American's concern is that this "amended complaint will invite additional pleadings and require additional discovery, delaying the proceedings even further."  (*Id.*)

Philips does not oppose the motion for leave but does object to what it terms as incorrect factual and legal characterizations set forth in Pandora's motion.  Philips will address those matters in its dispositive motion.

In reply, Pandora does not seek to delay the litigation but to accurately frame the issues.  Pandora also notes the litigation was effectively stayed in October 2015 to address a discovery

dispute between First American and Ottawa.  When Pandora filed this motion the discovery dispute had not yet been resolved.

Ottawa, OH, LLC's response also does not oppose the motion for leave but does reserve its rights to challenge the amended complaint at a later date.

According to the Court's internal case notes, there was a discovery dispute between First American and Ottawa concerning email communications between John Sprowl, the claims adjuster and Richard Angelo, Sprowl's supervisor and Vice President and Senior Regional Claims Counsel for First American.  At the October 20, 2105 telephonic status conference, the court took the matter under advisement.  (Doc. No. 169).  Ottawa's motion to compel was granted on October 6, 2016 (Doc. Nos. 188 and 189).  The next phone conference took place on October 12, 2016.   Two more conferences have taken place since October 2016 and it appears that more discovery disputes are brewing between Ottawa and First American.

The Court is cognizant of the slow pace of the litigation and the frustration of the parties; however, the resolution of discovery disputes were necessary to move the litigation forward.  As noted by the Court in the March 9, 2017 phone status, Pandora will be allowed to move to bifurcate the litigation to advance movement of this case.

Given this background, I find Pandora has established good cause for its proposed fourth amended complaint and that no party will suffer prejudice from this amendment.  Accordingly, I exercise my discretion and grant Pandora's motion for leave to file its fourth amended complaint forthwith.

### III. FIRST AMERICAN'S MOTION

Also pending before the Court is First American's May 15, 2015 motion for summary judgment.  Discovery was effectively stayed after this motion was filed and dispositive motion

deadlines were vacated.  (Doc. No. 168).   As new deadlines will be scheduled, I will deny First American's motion for summary judgment, without prejudice, at this juncture of the proceedings.

## IV. CONCLUSION

For the reasons stated above, Pandora's motion for leave to amend the complaint (Doc. No. 179) is granted.  In addition, First American's motion for summary judgment (Doc. No. 140)  is denied as moot.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge