UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pandora Distribution, LLC,                                    Case No. 3:12-cv-2858

        Plaintiff

    v.                                                                    MEMORANDUM OPINION
                                             AND ORDER

Ottawa OH, LLC et al.,

        Defendants

      This matter is before me on Third-Party Plaintiff Ottawa OH, LLC's motion for leave to file

a fourth amended third-party complaint (Doc. No. 202), First American Title Insurance Company's

opposition (Doc. No. 204), and Ottawa's reply (Doc. No. 206).

      The allegations by the parties are well-known to all involved and need not be repeated for

purposes of this decision.  Ottawa seeks to file a fourth amended third-party complaint against First

American to clarify the record as to the claim of bad faith.  First American vigorously opposes the

motion.

      Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days

of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive

pleading.  Fed. R. Civ. Pro. 15(a)(1).  "In all other cases, a party may amend its pleading only with

the opposing party's written consent or the court's leave.  The court should freely give leave when

justice so requires."  Fed. R. Civ. Pro. 15(a)(2).  "In the absence of any apparent or declared reason –

such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules

require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*,

870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

It is undisputed Ottawa filed its third-amended complaint (Doc. No. 67), in accord with the Court's deadline as set forth at the April 2014 status conference. (Doc. No. 63). Subsequently, discovery disputes arose which delayed movement of the litigation.

At the March 9, 2017 status conference, counsel for Ottawa advised the Court they anticipated seeking leave to file another amended third-party complaint, possibly filing a motion for sanctions, and also anticipated a discovery dispute with First American.

I am cognizant of the district court's discretion in making a determination under Rule 15. I also take note of the Sixth Circuit's guidance "that cases should be tried on their merits rather than the technicalities of pleadings." *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999), quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

Having considered the parties' arguments, I grant Ottawa's motion to file its fourth third-party complaint (Doc. No. 202). Ottawa shall have fourteen days from the date of this Order to file its fourth amended third-party complaint.


So Ordered.

                                        s/ Jeffrey J. Helmick
                                        United States District Judge