UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pandora Distribution, LLC,                          Case No. 3:12-cv-2858

          Plaintiff

      v.                                             MEMORANDUM OPINION
                                                           AND ORDER

Ottawa OH, LLC, et al.,

          Defendants.

At the risk of mixing metaphors, it appears a case about a bridge has reached a crossroads. On October 18, 2018, in the midst of the dispositive motion briefing schedule confirmed by my Order entered on July 31, 2018, Defendant / Third-Party Plaintiff Ottawa OH, LLC, notified this Court that it would be changing counsel. Prior counsel filed a motion to withdraw and new counsel entered their appearance the following day. As a result of that change, I granted Ottawa's motion to extend the summary judgment reply deadline to permit its new attorneys an opportunity to get up to speed on the case.

As the new deadline approached, Ottawa's newly-hired counsel sought leave to replace, amend, or supplement Ottawa's motion for summary judgment filed regarding claims Ottawa has asserted against Philips Electronics North America Corp. and Genesee & Wyoming, Inc., as well as Ottawa's memorandum in opposition to the summary judgment motions filed by Philips and Genesee & Wyoming against Ottawa. (*See* Doc. No. 276 and 277). Philips and Pandora

Distribution, LLC (on behalf of Genesee & Wyoming) filed briefs in opposition to those motions. (Doc. No. 279 and 281). Ottawa filed a brief in reply, (Doc. No. 282), to which Philips objects. (Doc. No. 283). Philips also requests oral argument on Ottawa's motions. (Id.). For the reasons set forth below, I deny Philips' motion for oral argument and Ottawa's motions for leave.

Ottawa contends its prior attorneys failed to file motions for summary judgment against Philips and Genesee & Wyoming regarding its trespass, nuisance, and negligence claims in Ottawa's summary judgment motion or include argument regarding those claims in Ottawa's opposition to the summary judgment motions filed by Philips and Genesee & Wyoming. Ottawa asserts it expected its prior attorneys to pursue those claims and did not learn of counsel's decision not to include argument on those claims "in sufficient time to know that such an approach would be taken without Ottawa's consent." (Doc. No. 277 at 3). The summary judgment filing deadline was August 27, 2018, (Doc. No. 240), Ottawa's brief in opposition to the summary judgment motions was filed on October 9, 2018, and Ottawa filed a notice of substitution of counsel on October 19, 2018.

Once a court enters a scheduling order setting the time by which parties must file motions, that schedule may only be modified for good cause. Fed. R. Civ. Pro. 16(b)(4). Further, a court "may, for good cause, extend the time" in which a party must act upon the party's motion after the deadline has passed "if the party failed to act because of excusable neglect." Fed. R. Civ. Pro. 6(b)(1).

Ottawa argues I should grant its motions and permit its new attorneys to "correct [prior] counsel's mistake," and that it is entitled to additional time under Rule 6(b)(2) because of counsel's "excusable neglect." (Doc. No. 276 at 3). It is far from clear, however, that Ottawa's prior counsel mistakenly omitted the arguments Ottawa now seeks to include. To the contrary, Ottawa's brief in opposition to Genesee & Wyoming's summary judgment motion devotes nearly six pages to arguing

2

Genesee & Wyoming is not entitled to summary judgment under a negligence theory. (Doc. No. 263 at 24-29). Further, Ottawa opposes Philips' summary judgment motion by relying on a contract theory. (*See* Doc. No. 263 at 12 ("The real nub of the dispute between Ottawa and Philips . . . lies . . . in determining whether Ottawa is a third-party beneficiary of the promises made, and liabilities assumed, by Philips in the Agreements.")).

This case is not like *Anderson v. Stanco Sports Library, Inc.*, where the court excused the defendant's attorney's failure to file a timely answer to the plaintiff's complaint because the attorney had mistakenly overlooked the deadline after the parties had been engaged in lengthy settlement negotiations and agreed to numerous extensions of that deadline. 52 F.R.D. 108, 110 (D. S.C.). Rather, the briefing submitted (or omitted, as the case may be) appears to reflect a strategic decision by Ottawa's prior counsel. Ottawa's assertion that its prior attorneys failed to follow Ottawa's directions does not entitle Ottawa to relief from the scheduling deadlines I previously imposed in this case. *Pioneer Invest. Servs. Co. v. Brunswick Assocs. L.P., et al.*, 507 U.S. 380, 396 (1993) ("clients must be held accountable for the acts and omissions of their attorneys").

> The Supreme Court, in its opinion in *Link v. Wabash R.R. Co.*, addressed the issue this way:
>
> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."
>
> *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, (1962) (quoting *Smith v. Ayer*, 101 U.S. 320,

326 (1879)). Ottawa does not establish excusable neglect or another basis for a good-cause finding, instead offering only its displeasure with its prior attorneys.

For these reasons, I deny Ottawa's motions for leave, (Doc. No. 276 and 277), and deny Philips' motion for oral argument (Doc. No. 283), as moot. The parties shall file their summary judgment reply briefs on or before December 21, 2018.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge