UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Pandora Distribution, LLC,                                     Case No. 3:12-cv-2858

           Plaintiff

    v.                                                              MEMORANDUM OPINION
                                                                                             AND ORDER

Ottawa OH, LLC, et al.,

           Defendants.


      Ottawa OH, LLC, has filed a motion for relief due to abandonment by counsel and a request for an evidentiary hearing. (Doc. No. 306). Pandora Distribution, LLC, opposes the motion and seeks a stay on further briefing on Ottawa's motion so the parties can conduct discovery concerning Ottawa's allegations, if the motion is not denied or stricken. (Doc. No. 308). Philips Electronics North America Corp. also opposes Ottawa's motion. (Doc. No. 309). Ottawa filed a brief in reply. (Doc. No. 310).

      Ottawa asserts its prior attorney, Gerald Kowalski, abandoned Ottawa as his client when he allegedly filed briefing in opposition to summary judgments motions filed by other parties in this case in violation of Ottawa's instructions and which "directly contradicted Ottawa's complaint." (Doc. No. 306 at 6). Ottawa also submits an affidavit from its founder and sole member, Stephen Lewis, criticizing the arguments and strategy Kowalski pursued and presenting his view of the facts and law underlying this case. (Doc. No. 306-1). Ottawa seeks an evidentiary hearing, at which it

presumably will further develop its contention that Kowalski did not follow his client's instructions, and also seeks "an accelerated briefing schedule for summary judgment motions against Philips Electronics North America Corp. . . . and Genesee & Wyoming, Inc. . . . and for Ottawa's opposition to their motions for summary judgment." (Doc. No. 306 at 2).

I previously denied two motions filed by Ottawa's current attorneys for leave to file new or amended summary judgment motions and opposition briefs. (Doc. No. 285). While Ottawa contends its present motion is not one for reconsideration of my earlier order, (Doc. No. 306 at 2; Doc. No. 310 at 3), it is difficult to see how else to categorize its motion. Ottawa previously argued Kowalski did not litigate the case in the way Ottawa wanted and that I should permit it to file new summary judgment briefing as a result. (*See* Doc. No. 276 and 277). Ottawa makes the same argument again, though from a diametrically-opposed angle, and seeks the same relief. (Doc. No. 310 at 3). While "[d]istrict courts have inherent power to reconsider interlocutory orders," *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991), the bar for granting a motion for reconsideration is set high. *See, e.g., Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (*citing Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973), *cert. denied, Fuhrman v. U.S. Steel Corp.*, 414 U.S. 859 (1973)) ("The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

In its earlier motions, Ottawa argued Kowalski "failed to file motions for summary judgment against Philips and Genesee & Wyoming regarding its trespass, nuisance, and negligence claims in Ottawa's summary judgment motion or include argument regarding those claims in Ottawa's opposition to the summary judgment motions filed by Philips and Genesee & Wyoming." (Doc. No. 285 at 2). Then, Ottawa claimed Kowalski's "abandon[ment]" of its trespass, nuisance, and negligence claims constituted excusable neglect – a mistake or inadvertent action – which justified

permitting Ottawa to file new or amended summary judgment briefing. (Doc. No. 276 at 2-3; *see also* Doc. No. 277 at 2-3). Now, Ottawa claims Kowalski's "[a]bandonment is a withdrawal of representation" which constitutes a severing of the attorney-client relationship and means Kowalski could not have been acting as Ottawa's agent when he filed summary judgment briefing on Ottawa's behalf. (Doc. No. 306 at 5, 8).

Then, Ottawa sought leave to amend or supplement its summary judgment briefing because "Ottawa had expressed its desire to have the claims regarding trespass pursued, and those demands were not met by former counsel." (Doc. No. 277 at 3). Now, Ottawa contends it is entitled to submit new briefing because Kowalski was not acting as Ottawa's agent when he "deliberately disobeyed Ottawa's explicit instructions about the scope of agency." (Doc. No. 306 at 9).

Then, Ottawa claimed it was entitled to additional time to amend its summary judgment briefing because it "only became aware of counsel's refusal to pursue the [trespass, nuisance, and negligence] claims" two days before the deadline for submitting opposition briefs. (Doc. No. 276 at 3). Now, Ottawa claims Kowalski did not merely choose to pursue different theories of the case than those Ottawa believed to be the best course, he instead "agreed with and adopted the arguments of Ottawa's adversaries." (Doc. No. 306 at 9).

Ottawa's current characterization of Kowalski's strategic decisions does not identify any new evidence or a change in controlling law which would support reconsideration of my earlier denial of Ottawa's motions. The cases Ottawa cites had been decided before it filed its earlier motions, and Lewis knew of the facts contained in his affidavit as well.

Further, the cases Ottawa cites regarding abandonment of a client by an attorney do not establish that granting its current motion would remedy a manifest injustice. The Sixth Circuit's decision in *Young v. Westbrooks* is sufficient to demonstrate why this is so. In *Young*, a habeas petitioner argued the Sixth Circuit should excuse the procedural default that led to the dismissal of

3

his habeas petition because his attorney abandoned him by missing court deadlines, filing a late brief, failing to raise "the best and most obvious issues" in his state court appeals, and failing to communicate with the petitioner during the representation. *Young*, 702 F. App'x 255, 262 (6th Cir. 2017). Like Ottawa, Young argued he was entitled to relief because the court did not hear all of his claims because his attorney abandoned Young's best issues. *Id.*

The Sixth Circuit quickly shot down this argument as "a nonstarter since *claim* abandonment – while perhaps ineffective assistance[1] – is not the same as *client* abandonment." *Id.* (citing *Towery v. Ryan*, 673 F.3d 933, 942 (9th Cir. 2012)) (emphasis in original). Like Kowalski, Young's attorney "continued to function as [counsel] by filing a 17-page brief and raising four claims for relief on his behalf – including the only three claims that the initial postconviction counsel viewed worthy of pressing." *Young*, 702 F. App'x at 262-63. In these circumstances, the court concluded, "there was no severance of the agency relationship" because filing a brief "clearly . . . further[s]" the client's interest. *Id.* at 263; *cf. Holland v. Florida*, 560 U.S. 631 (2010) (concluding, in part, petitioner's attorney's failure to file a habeas petition may constitute extraordinary circumstances entitled petitioner to the application of equitable tolling); *Maples v. Thomas*, 565 U.S. 266 (2012) (concluding petitioner's attorneys abandoned him when they left their law firm without notifying petitioner or the court that the attorney no longer represented petitioner).

I previously concluded Ottawa was not entitled to the relief it sought because Kowalski continued to litigate its claims:

> Ottawa's brief in opposition to Genesee & Wyoming's summary judgment motion devotes nearly six pages to arguing Genesee & Wyoming is not entitled to summary judgment under a negligence theory. (Doc. No. 263 at 24-29). Further, Ottawa opposes Philips' summary judgment motion by relying on a contract theory. (*See* Doc. No. 263 at 12 ("The real nub of the dispute between Ottawa and Philips . . .

---

[1] It perhaps is worth pausing here to note the standard of attorney conduct that constitutes ineffective assistance in a habeas corpus proceeding may differ from the standard in a legal malpractice lawsuit. Further, unlike civil litigants, criminal defendants are constitutionally guaranteed the effective assistance of counsel.

4

lies . . . in determining whether Ottawa is a third-party beneficiary of the promises made, and liabilities assumed, by Philips in the Agreements.")).

(Doc. No. 285 at 2-3).   While Ottawa questions the basis for the third-party beneficiary argument contained in its opposition brief and offers an apparent preview of the arguments it likely would submit in new summary judgment briefing, (Doc. No. 306 at 8-10), it fails to show Kowalski stopped acting as its attorney at any point from the time he first entered his appearance in this on behalf of Ottawa on April 2, 2013, until October 19, 2018, when Ottawa's new counsel filed its notice of substitution.

Ottawa does not identify any new evidence, change in law, or clear error which would compel a different result from the one I previously concluded was appropriate, and it fails to demonstrate how granting its motion for relief from my prior order would prevent a manifest injustice.  For these reasons, I deny Pandora's motion for a stay, (Doc. No. 308), and Ottawa's motion for relief and its request for an evidentiary hearing.  (Doc. No. 306).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge