**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| PANDORA DISTRIBUTION, LLC, | * | Case No. 3:12-cv-02858-JJH |
| | * | |
| Plaintiff, | * | Judge Helmick |
| vs. | * | |
| | * | **DEFENDANT / THIRD PARTY PLAIN-** |
| OTTAWA OH, LLC, et al., | * | **TIFF OTTAWA OH, LLC'S MOTION** |
| | * | **FOR LEAVE TO FILE A MOTION FOR** |
| Defendants, | * | **RECONSIDERATION BASED ON A** |
| vs. | * | **DENIAL OF DUE PROCESS** |
| | * | |
| FIRST AMERICAN TITLE | * | J. Mark Trimble (0046515) |
| INSURANCE CO. | * | Rohrbachers Cron Manahan |
| | * | Trimble & Zimmerman Co., L.P.A. |
| Third-Party Defendant. | * | 405 Madison Avenue, 8th Floor |
| | * | Toledo, Ohio 43604-1243 |
| | * | Telephone (419) 248-2600 |
| | * | Fax (419) 248-2614 |
| | * | mtrimble@rcmtz.com |
| | * | shouse@rcmtz.com |
| | * | Attorneys for Defendant/ Third-Party Plaintiff |
| | * | Ottawa OH, LLC |
| | * | |
| | * | |
| | * | |
| * | * | * |

Defendant / third party plaintiff, Ottawa OH, LLC moves for leave to file a motion to reconsider the MEMORANDUM OPINION AND ORDER (Doc # 334) and JUDGMENT ENTRY (Doc # 335) on the ground that they violate the Due Process Clause by not giving notice or opportunity to be heard on the following findings:

1. The bridges "required structural alterations to the outside of the buildings," Doc # 334 p. 6, distinguishing *Litton Sys., Inc. v. Tracy*, 88 Ohio St. 3d 568, 728 N.E.2d 389 (2000). *Litton* held that conveyors are personal property as a matter of law, and it said removal would not damage the building. Pandora and Ottawa contend, *without opposition*, that removing the bridges will actually prevent damage to the buildings.

2. Exceptions from insurance coverage for encroachments onto "the premises in question" (defined as Ottawa's land) and for the license are also exceptions for alleged encroachments onto Pandora's land, for the easement, and for the Encroachment Agreement. Doc # 334 pp. 16-17. First American did not raise the issue because its counsel concluded that the exception does not apply. Doc # 331 pp. 9-10.

3. Ottawa is "concocting an elaborate story" of fraud. Doc # 334 p. 17. First American's opposition (Doc # 325) did not identify any misstatement of fact by Ottawa. First American's opposition (Doc # 265) to Ottawa's motion for summary judgment did not identify any misstatement of fact. First American's motion for summary judgment (Doc # 250-1) and its reply (Doc # 286) did not identify any misstatement of fact.

The motions and oppositions did not raise the above issues; the parties did not argue them; and the Court has not previously considered them. The Due Process Clause requires notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

## CERTIFICATE OF SERVICE

 Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

<u>/s/ J. Mark Trimble</u>
By: J. Mark Trimble
Attorney for Ottawa OH, LLC