UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pandora Distribution, LLC,                      Case No. 3:12-cv-2858

           Plaintiff,

v.                                         ORDER

Ottawa OH, LLC, et al.,

           Defendants.

Plaintiff Pandora Distribution, LLC, and Defendant Ottawa OH, LLC, have filed a proposed stipulation and order of dismissal. (Doc. No. 350-1). More specifically, Pandora and Ottawa have agreed to stipulations concerning (a) deficient allegations in the pleadings regarding the citizenship of the members of the three limited liability companies involved in this litigation; (b) the status of Pandora's claims against Defendant Genesee & Wyoming, Inc.; and (c) Ottawa's remaining claims against Pandora. (*Id.* at 1-3).

I previously granted leave to Defendants First American Title Insurance Company and Philips Electronics North America Corporation to file briefs in response to Pandora and Ottawa's joint proposed stipulation. (*See* Doc. No. 349). Both First American and Philips have done so. (Doc. Nos. 352 and 353). Pandora and Ottawa filed briefs in reply to those response memoranda. (Doc. Nos. 354 and 355). Philips also has filed a motion for leave to file a sur-reply brief. (Doc. No. 356).

Taking the last matter first, Philips seeks leave to file a sur-reply to the reply briefs filed by Pandora and Ottawa because, Philips asserts, those briefs "contains misstatements of the record and remaining claims in this case." (Doc. No. 356 at 1). Philips filed its proposed sur-reply brief, which reveals that what Philips describes as "misstatements" are simply a product of the parties' differing positions on the appropriateness of the course of action Pandora and Ottawa have proposed. (*See* Doc. No. 356-1 at 2-3). Philips also reiterates its legal arguments regarding a *Raceway* dismissal. (*Id.* (citing *Raceway Properties, Inc. v. Emprise Corp.*, 613 F.2d.656 (6th Cir. 1980))).

Philips identifies no new evidence or arguments in the reply briefs to which it has not had an opportunity to respond. *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014). I am fully aware of the factual and procedural history of this case and the type and number of motions Ottawa has filed throughout this litigation. (*See* Doc. No. 356-1 at 3). Ottawa's conduct, however characterized, does not provide good cause to file a sur-reply brief in the absence of new evidence or arguments. Therefore, I deny Philips' motion for leave. (Doc. No. 356).

Pandora and Ottawa first stipulate "that, as of the commencement of this lawsuit in 2012, the two members of Pandora were and are citizens of Indiana and Ohio, respectively, that the sole member of Ottawa was and is a citizen of California, and that the sole member of Defendant DBI Partners, LLC was a citizen of Texas." (Doc. No. 350-1 at 1). Because Pandora and Ottawa seek to amend defective jurisdictional allegations rather than deficient jurisdictional facts, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831-32 (1989), I accept this stipulation.

Next, Pandora and Ottawa stipulate to the dismissal of Pandora's claims against Genesee & Wyoming, which Pandora agreed to release and dismiss pursuant to a binding settlement agreement. (Doc. No. 131-6). I accept this stipulation and order that Pandora's claims against Genesee & Wyoming are dismissed with prejudice. Fed. R. Civ. P. 41(a)(2).

Lastly, Pandora and Ottawa stipulate to the dismissal with prejudice of the sole remaining claims in this litigation: Ottawa's claims against Pandora for negligence, nuisance, and trespass.  (*See* Doc. No. 317 at 18-19).   Ottawa explicitly states its intent to abandon its remaining claims by dismissing them with prejudice so that it may appeal my resolution of the other claims in this case, pursuant to *Raceway*.  (Doc. No. 350 at 4-7).  Because *Raceway* permits "parties to stipulate to issues or theories that they are electing not to pursue" as long as that stipulation prohibits the dismissing party from "changing [its] mind," *Innovation Ventures, LLC v. Custom Nutrition Laboratories., LLC*, 912 F.3d 316, 330 (6th Cir. 2018), I accept this stipulation and order that Ottawa's claims against Pandora for negligence, nuisance, and trespass are dismissed with prejudice.

Having resolved all outstanding causes of actions, I order the Clerk of Court to close this case.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge