\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Pandora Distribution, LLC | : | Case No. 3:12-cv-02858 |
| Plaintiff | : | Judge Jeffrey J. Helmick |
| vs. | : | **MOTION FOR SANCTIONS WITH MEMORANDUM IN SUPPORT** |
| Ottawa OH, LLC, et al. | : | |
| Defendants | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Pandora Distribution, LLC ("Pandora") moves the Court for an order imposing sanctions upon defendant Ottawa OH, LLC ("Ottawa") as a result of Ottawa's willful noncompliance with this Court's orders. A memorandum in support follows, which is incorporated herein by reference.

By /s/ Timothy P. Nackowicz
Timothy P. Nackowicz (0076294)
Timothy.Nackowicz@NackowiczLaw.com
NackowiczLaw, LLC
118 E. Third Street, Suite A
Perrysburg, Ohio 43551
Ph.: (419) 407-6214
Counsel for Pandora Distribution, LLC

**MEMORANDUM IN SUPPORT**

This case has a long, complex history.  In short, this litigation is about who is responsible for two unwanted conveyor bridges that run between neighboring warehouses owned by Pandora and Ottawa, respectively.[1]  Pandora bought its warehouse in 2005, and Ottawa bought its warehouse in 2006.  Almost immediately, Pandora and Ottawa began to disagree as to who was responsible for the two massive bridges running from one building to the other.

The undersigned filed a complaint in this Court more than 11 years ago, on November 16, 2012.  Pandora and Ottawa asserted claims against each other, and other parties were made a part of the litigation as well: Genesee & Wyoming, Inc. ("G&W"), Philips Electronics North America Corporation, n/k/a Philips North America LLC ("Philips"), and First American Title Insurance Company ("First American").[2]

In 2018, the parties moved for summary judgment.  This Court found, *inter alia*, that the bridges are fixtures and that Pandora owns them, and it entered summary judgment on all claims except for three of Ottawa's claims against Pandora.[3]  Pandora and Ottawa then both moved for reconsideration,[4] but those motions were denied.  Pandora and Ottawa then stipulated that Ottawa

---

[1] Strictly speaking, Pandora has now sold its building, and the bridges are now detached from the old Pandora building as well.

[2] To recap, G&W is the parent company of a railroad that owns the railroad tracks between the warehouses, over which the bridges pass.  Philips's predecessors owned both warehouses as part of a large industrial plant, and its predecessors built the bridges.  First American is a title insurance company that was involved in both Pandora's and Ottawa's purchases of their respective warehouses.

DBI Partners, LLC ("DBI") was also named as a defendant.  DBI bought the Philips plant and parted it out, selling the warehouses to Pandora and Ottawa.  DBI has never appeared or otherwise attempted to defend, and Pandora obtained a default judgment against it.  It is believed that DBI is defunct and that its principal, Virgil Wallis, is deceased.

[3] Doc. 317; Doc. 318.

[4] Doc. 320; Doc. 323.  Interestingly, in those proceedings, Ottawa changed positions and now agreed with Pandora that the bridges are not fixtures and that Pandora does not own them.  Doc. 322, p. 1-2 ("Ottawa supports Pandora's motion for a finding that Pandora does not own the bridges, including Pandora's motion to reform the deed, if necessary.")("The bridges were Philips' personal property as a matter of law, not fixtures").

voluntarily abandoned, and dismissed with prejudice, all of its remaining claims against Pandora, which this Court accepted and ordered, allowing the case to proceed to the court of appeals.[5]

Ottawa appealed, and Pandora cross-appealed. The Sixth Circuit Court of Appeals subsequently affirmed the grants of summary judgment to First American, G&W, and Philips, but found that the bridges are not fixtures, and that Ottawa, not Pandora, owns them. Accordingly, the Sixth Circuit Court of Appeals reversed the grant of summary judgment against Pandora on all but one claim and remanded the case.[6] In doing so, the Court of Appeals also *sua sponte* found that two of Ottawa's arguments were frivolous.[7] The Supreme Court of the United States subsequently denied a petition for a writ of certiorari on November 6, 2023.

This Court convened a pretrial conference of counsel on December 1, 2023, and ordered the remaining parties, Pandora and Ottawa, to mediation with Magistrate Judge Darrell Clay.[8] Ottawa did not protest or file a motion to dispense with a mediation.

Judge Clay then issued an order directing the parties to appear for a mediation on February 7, 2024 ("Order").[9] The Order imposed very specific directives upon the parties, including the directions for: (1) Pandora to issue a pre-mediation settlement demand, (2) Ottawa to issue a response, and (3) both parties to submit confidential *ex parte* mediation statements addressing various specific topics. The Order also cautioned:

---

[5] Doc. 350; Doc. 350-1; Order, Doc. 357.

[6] The Court of Appeals upheld the grant of summary judgment on Count 1, which was for breach of contract based upon Ottawa's failure to tear down the bridges pursuant to the *Encroachment Agreement.*

[7] *Pandora Distrib., LLC v. Ottawa OH, LLC*, No. 21-3127/3158, 2023 U.S. App. LEXIS 1576, *14-15 (6th Cir. Jan. 20, 2023)("More to the point, the Railroad owed no duty to Ottawa, the purchaser and owner of those bridges. This argument is frivolous. We affirm the district court's judgment on this claim.")("As with the claim against the Railroad, above, this argument is frivolous. Philips has no responsibility for the bridges. We affirm the district court's judgment on this claim.").

[8] Doc. 367.

[9] Doc. 368.

> **If a party fails to produce a person with ultimate settlement authority, and such failure negatively impacts the effectiveness of the settlement conference, then in my discretion, I may order an award of costs and attorney fees incurred by the other part(ies) in connection with the conference and/or other sanctions against the noncomplying party and/or its counsel.**[10]

The Order further cautioned that any request to reschedule the mediation had to be via written motion, filed no less than fourteen days prior to the mediation absent extraordinary circumstances, and in the case of extraordinary circumstances, an affidavit or declaration regarding same must accompany the motion.

On January 10, 2024, as directed by the Order, the undersigned emailed a letter to Timothy J. Fitzgerald, counsel for Ottawa. Pandora's letter contained a written itemization of damages, a settlement demand, and a brief explanation of why the settlement proposal was appropriate, in conformity with the Order.[11]

The Order required Ottawa to serve a written response to Pandora's letter, with a brief explanation of why such an offer in response was appropriate, on or before January 17, 2024. No response was received by the deadline, however.[12]

On January 15, 2024, though, Attorney Fitzgerald moved for leave to withdraw as counsel for Ottawa.[13] Attorney Fitzgerald's motion stated that he had notified Ottawa of the Order and its requirements, and he further indicated that Ottawa was no longer communicating with him. No ruling has yet been made upon such motion.

---

[10] Emphasis in original.

[11] Pandora will file, or submit for *in camera* review, its settlement demand, emails, and *ex parte* mediation statement if the Court desires.

[12] The undersigned emailed Attorney Fitzgerald on the morning of January 18, 2024 to inquire into this matter, but no response was received.

[13] Doc. 369.

Accordingly, on the afternoon of January 18, 2024, Pandora filed a *Notice of Noncompliance*.[14] Pandora advised that Ottawa did not comply with the Order, and noted that it feared Ottawa would again violate the Order by failing to attend the settlement conference. As Pandora explained, its fears were well-founded, given, among other things, Ottawa's failure to communicate with its counsel.[15] Pandora further noted that it had been harmed by Ottawa's noncompliance with the Order, and that it would be harmed by further noncompliance.

On January 23, 2024, as also directed by the Order, the undersigned emailed a comprehensive settlement statement to Judge Clay's chambers. It is unknown whether Ottawa submitted a statement as required.

On January 25, 2024, the undersigned had still not received a response from Ottawa as to the settlement demand of January 10, 2024, or to the email of January 18, 2024. The undersigned therefore feared that Ottawa had not submitted its settlement statement, and believed even more strongly now that Ottawa would not appear for the mediation. Accordingly, the undersigned called Judge Clay's chambers to inquire as to whether the mediation was still set to occur. A non-document order was subsequently issued that day, stating:

> Order [non-document] Defense counsel has indicated he has been unable to confirm that any representative of Defendant Ottawa OH, LLC will be personally present for the settlement conference, as was previously ordered. In light of that representation, I hereby VACATE the settlement conference scheduled for February 7, 2024. Counsel for Plaintiff and Defendant Ottawa OH, LLC are ordered to contact Judge Helmick's chambers immediately to provide a status update and discuss next steps. The referral from Judge Helmick is terminated. Magistrate Judge Darrell A. Clay on 1/25/2024. (R,Ke)

The undersigned then contacted Judge Helmick's chambers as required.

---

[14] Doc. 370.

[15] Pandora also noted that Ottawa's principal place of business and sole owner are located in California.

5

Simply stated, Ottawa has intentionally failed to comply with the Order and has willfully obstructed this Court's desire for the parties to engage in settlement discussions, and for that conduct, it should be sanctioned.

Ottawa is aware of the Order and its requirements. Attorney Fitzgerald confirmed in his motion to withdraw that he informed Ottawa of the Order, its requirements, and its deadlines.[16]

Nevertheless, Ottawa failed to submit a response to Pandora's settlement demand as required. The January 25 non-document order reveals that Ottawa also communicated that it would not appear for the mediation as ordered. Whether Attorney Fitzgerald specifically advised Judge Clay or his staff that no one would attend, or whether he said he cannot confirm someone will attend, is irrelevant. Ottawa was ordered to produce a person with authority for the mediation. The non-document order of January 25 implies that Ottawa was asked to confirm it would appear as ordered (which was quite logical, given that Ottawa had already violated the Order at least once), and the non-document order reveals a refusal to so confirm. That is further willful noncompliance with an order of this Court. If Ottawa desired a rescheduling of the mediation, it had an option – file a compliant motion to obtain such relief. But it chose not to do so.

On the other hand, Pandora has diligently met its responsibilities under the Order, and incurred attorney's fees in doing so. Pandora had to expend resources in devising settlement concepts, preparing a demand letter, preparing a confidential settlement statement, and in otherwise preparing for the mediation. It has also now had to expend resources in addressing Ottawa's refusal to comply with the Order, and this Court must now unnecessarily expend its resources as well in addressing Ottawa's conduct.

---

[16] Doc. 369, p. 2 ("Undersigned counsel has informed Lewis of the January 15, 2023 deadline set by the court, as well as of the court's referral of this matter to mediation before Magistrate Judge Darrell A. Clay. Undersigned counsel has informed Lewis of the order of Mag. Judge Clay and approaching deadlines and requirements in preparation for the in-person settlement conference which is scheduled for February 7, 2024.").

6

Ottawa was warned in the Order that "[i]f a party fails to produce a person with ultimate settlement authority, and such failure negatively impacts the effectiveness of the settlement conference, then in [the Court's] discretion, [the Court] may order an award of costs and attorney fees incurred by the other part(ies) in connection with the conference and/or other sanctions against the noncomplying party and/or its counsel."  Apart from violating the Order's requirement of a pre-mediation response to Pandora's demand, Ottawa has also violated the Order by refusing to produce a person with ultimate settlement authority, which negatively impacted the effectiveness of the settlement conference – *indeed, it caused the conference to be cancelled*.

In short, it is simply unfair to allow a party to ignore a court order and inflict unnecessary costs upon another party. Also, given Ottawa's prior conduct, and the willful nature of Ottawa's violation of the Order, in the absence of punishment, further noncompliance seems highly likely.

Thus, at a minimum, Pandora should be indemnified for the fees it has incurred in connection with the aborted mediation, along with those it will incur through disposition of the instant motion, and Pandora requests the Court issue an order so ruling.  Pandora requests that such an order issue forthwith, and that it direct Pandora to submit evidence of the fees it seeks for *in camera* review.  Pandora also requests that the Court's order fixing the sum to be paid by Ottawa direct Ottawa to satisfy such sum within 14 days of the order's issuance or further sanctions will be forthcoming.

Further, Pandora submits that the intentional nature of Ottawa's noncompliance merits additional sanctions.  Pandora therefore also requests that the Court issue a show-cause order directing Ottawa to show cause as to why Ottawa's conduct should not be taken as a refusal to defend further in this litigation and result in the issuance of a default judgment in favor of Pandora.

Respectfully submitted,

By /s/ Timothy P. Nackowicz
    Counsel for Pandora Distribution, LLC

### CERTIFICATE OF SERVICE

This is to certify that the forgoing has been electronically filed with the Court this 2nd day of February 2024.  Notice of the filing will be sent to the parties by the operation of the court's electronic filing system. The parties may access this filing through the Court's system.

By /s/ Timothy P. Nackowicz
    Counsel for Pandora Distribution, LLC