UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Pandora Distribution, LLC,                                            Case No. 3:12-cv-2858

           Plaintiff,

v.                                                                                        ORDER

Ottawa OH, LLC, *et al.*,

           Defendants.

       On September 30, 2024, I ordered default judgment in favor of Plaintiff Pandora Distribution, LLC, and against Defendant Ottawa OH, LLC due to Ottawa's failure to comply with several court orders. (Doc. No. 378). I held that Pandora was entitled to compensatory damages, as well as reasonable attorney fees incurred pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. (*Id.* at 10-11).

       As I noted in my Memorandum Opinion and Order, "[c]ourts typically use the 'lodestar method' to determine the reasonableness of the fee request, which involves the analysis of the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." (*Id.* at 11) (citations and internal quotation marks omitted). I concluded Pandora showed its proposed hourly rate was reasonable, but that I needed additional information and documentation regarding the hours expended to properly determine a reasonable fee award. (*Id.*). *See also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (noting courts should review evidence of "hours worked and rates claimed").

Pursuant to my order, Pandora filed the time records of its attorney, Timothy Nackowicz, from December 12, 2023 (the date of Magistrate Judge Darrell A. Clay's settlement conference order, with which Ottawa failed to comply), until October 1, 2024, which indicate Mr. Nackowicz worked a total of 54.40 hours on this case during that time period.  (*See* Doc. No. 380) (filed under seal and *ex parte*).  I have reviewed those records and conclude Mr. Nackowicz's requested billable hours were reasonably related to Ottawa's noncompliance with court orders and the default judgment, damages, and sanctions issue that arose from Ottawa's noncompliance.  I further conclude the fee request does not include "hours that are excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.

Therefore, Ottawa hereby is ordered to pay to Pandora, in addition to the compensatory damages of $793,379.69 already awarded, attorney fees in the amount of $16,048.00 ($295 per hour multiplied by 54.40 hours worked).  This case is closed.

So Ordered.

        s/ Jeffrey J. Helmick
        United States District Judge